IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-cr-341-1FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| RICHARD RUBALACAVA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court on October 16, 2020, for a hearing on the competency of Defendant Richard Rubalacava ("Defendant") to determine whether he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense in accordance with 18 U.S.C. §§ 4241 and 4247(d). At the hearing, the government was represented by Assistant United States Attorney Erin Blondel and Defendant was represented by Assistant Federal Public Defender Edward Gray. The court advised Defendant of his rights under 18 U.S.C. § 4247(d), which he indicated he understood.

In accordance with the court's order, prior to the hearing, Defendant was evaluated at the Federal Correctional Institution in Butner, North Carolina by Heather H. Ross, Ph.D., a forensic psychologist. At the conclusion of Defendant's evaluation, Dr. Ross authored a Forensic Evaluation ("Report") dated September 18, 2020, containing a detailed summary of Defendant's evaluation as well as Dr. Ross's findings and conclusion bearing on Defendant's competence. The report was filed under seal and provided to counsel prior to the hearing.

At the hearing, the government argued in support of Dr. Ross's findings and conclusions in the Report. According to the Report, Defendant's diagnoses are Borderline personality disorder;

Borderline intellectual functioning; Cocaine use disorder, in a controlled environment; Methamphetamine use disorder, in a controlled environment; Cannabis abuse disorder, in a controlled environment; Unspecified depressive disorder; Attention-deficit/hyperactivity disorder (by history); and Posttraumatic stress disorder (per self-report). Dr. Ross opined that Defendant is able to understand the nature and consequences of the proceedings against him and assist properly in his defense and, therefore, is competent to stand trial. Defendant did not contest the findings of the Report and offered no evidence in rebuttal to its findings and conclusions.

Accordingly, after consideration of the position of the parties as well as the findings contained in the Report, the court does not find by a preponderance of the evidence, pursuant to 18 U.S.C. § 4241(d), that Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

So ordered, the __16__ day of October, 2020.

                                                    Robert B. Jones, Jr.
                                                   United States Magistrate Judge